**IN THE UNITED STATE DISTRICT COURT**
**STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **RORY D. PENCE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**D.C.P.S., SIXTH DISTRICT COURT, SEVIER COUNTY, SEVEIER COUNTY SHERIFF'S OFFICE, STEVE MICHELSON, MATT COX, NATHAN CURTIS, PAMILA DEARDEN and JUDGE PAUL LYMAN,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No.  2:17-cv-00565-JNP**<br><br>**District Court Judge Jill N. Parrish**<br><br>**Magistrate Judge Dustin B. Pead** |

**INTRODUCTION**

District Judge Jill N. Parrish referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.)

On March 26, 2018, the court granted the County and State Defendants' motions to dismiss Plaintiffs' complaint. (ECF No. 21.)[1] In addition, the court granted Plaintiffs an additional twenty (20) days to file an amended complaint addressing the deficiencies of their original pleading. The court cautioned that an amended complaint must "comply with the pleading requirements of rule 8 and clearly establish federal jurisdiction over the controversy." (*Id.* at 5.)  On April 5, 2018, Plaintiff Rory Pence (Plaintiff or Mr. Pence) filed a "First Amended

---

[1] The initial complaint was filed by Plaintiffs Rory D. Pence and Mason P. Pence. (ECF No. 21.)

Complaint for Damages And Injunctive And Declaratory Relief" adding Pamila Dearden and Judge Paul Lyman as State Defendants. (ECF No. 22.) [2]

Currently pending before the court are Defendants Sevier County Sheriff's Office, Steven Mickelson and Nathan Curtis (collectively County Defendants) and Defendants Utah Division of Child and Family Services (DCFS), Utah Sixth District Court, Matt Cox, Pamela Darden and Judge Paul Lyman's (collectively State Defendants) motions to dismiss Plaintiff's amended complaint. (ECF No. 26, ECF No. 31.)

## ANALYSIS

Upon review, Mr. Pence's amended complaint fails to establish jurisdiction, comply with federal pleading requirements or state a valid claim for relief. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6), Fed. R. Civ. P. 8(a)(2), DUCivR 3-5. Accordingly, for the reasons set forth herein, the court recommends dismissal of Plaintiff's action.

**Standard of Review.**

At the outset, the court notes that Mr. Pence proceeds pro se. Consequently, the court construes his pleadings liberally. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*quoting Hall v. Bellmon,* 935 F. 2d 1106, 1110 (10th Cir. 1991). In doing so, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall*, 935 F. 2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

---

[2] Mason Pence is no longer a Plaintiff and was terminated as a party to the action. (ECF No. 28.)

When reviewing the sufficiency of the complaint, the court "presumes all factual allegations are true and construes them in the light most favorable" to Mr. Pence. *Id*., at 1109.

**Plaintiff Fails to Establish Jurisdiction.**

Federal courts are courts of limited jurisdiction. As such, they possess only that power authorized by the Constitution and statute. *See Willy v. Coastal Corp.,* 503 U.S. 131, 136-137, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992). A court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (*quoting Tafoya v. U.S. Dep't of Justice,* 748 F.3d 1389, 1390 (10th Cir. 1984)). The burden of establishing federal jurisdiction rests upon the party asserting it. *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

Absent diversity or federal question jurisdiction, this court is prohibited from hearing Mr. Pence's case and dismissal is appropriate. *See Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224-25 (10th Cir. 2004); Fed. R. Civ. P. 12(b)(1). To establish diversity, a Plaintiff must allege both his own and Defendants' citizenship. *See* 28 U.S.C. §1332(a). While Mr. Pence may be a citizen of Utah, because his address is listed as Richfield, Utah, the court cannot determine diversity without information on the citizenship of the individual Defendants. Although it appears that several individual Defendants may be employed by governmental entities, it is unclear if the Defendants are named in their individual or representative capacities.

Mr. Pence also fails to establish federal question jurisdiction since the criminal statute he relies upon does not confer a private cause of action. Federal question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. A "'suit arises under the law that creates the cause of action.'" *Nicodemus v. Union Pac. Corp.,*

318 F.3d 1231, 1236 (10th Cir. 2003) (*quoting Merrell Dow Pharm. v. Thompson,* 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986)). The only cause of action identified in Plaintiff's amended complaint claims a violation of 18 U.S.C. §1038(a)(1). (ECF No. 22, ¶ 2.) Section 1038(a)(1), entitled "false information and hoaxes", establishes federal criminal liability and sanctions of imprisonment or a fine for any person who:

> engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believes and where such information indicates that any activity has taken, is taking or will take place that would constitute a violation of [various statutes relating to weapons and explosives, terrorist acts, and related activities]

18 U.S.C. § 1038(a)(1).

A federal criminal statue does not confer a private cause of action and as a private citizen Mr. Pence cannot invoke §1038 to sue the named Defendants. *See Clements v. Chapman*, 189 F. App'x. 688, 692 (10th Cir. 2006); *see also Shophar v. Kansas,* 2017 U.S. Dist. LEXIS 45906 at *12 (D. Kan. Mar. 28, 2017) (unpublished), *Johnson v. Working Am., Inc.,* 2012 U.S. Dist. LEXIS 105528 *5-*7 (N.D. Ohio 2012).

**Plaintiff's Amended Complaint Fails to Comply With Federal Pleading Requirements or State A Claim For Relief.**

Assuming Mr. Pence was able to establish jurisdiction, his complaint is also subject to dismissal for failure to adhere to federal pleading requirements or state a proper claim for relief. *See* Fed. R. Civ. P. 8(a)(2) ("a short plain statement of the claim showing that the pleader is entitled to relief); DUCivR 3-5 (complaint "should state. . . the basis for the plaintiff's claim or cause of action, and the demand for relief); Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted.").

4

Plaintiff's amended pleading makes a series of disjointed statements relating to a divorce action, protective order, Division of Family Services' investigation, Department of Human Services' administrative hearing and the Vice-President of the United States. (ECF No. 22, at 3-6.) These "facts", however, do not explain what each Defendant did to violate Mr. Pence's rights, what claims or causes of action he raises against each Defendant and what facts he offers in support of each claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (complaint must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Every Defendant is entitled to fair notice of the specific claims raised against him or her. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989) (*citing Perington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d at 1163 (complaint must provide Defendant "sufficient notice to begin preparing its defense and the court [with] sufficient clarity to adjudicate the merits.").

In turn, Mr. Pence fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain factual matter accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp v. Twombly,* 550 U.S 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). As discussed, the only claim raised asserts a violation of 18 U.S.C. §1038(a)(1), a criminal statute that does not support a private right of action. Moreover, to the extent that Plaintiff may have intended to bring a civil claim under Section §1038(b), that "provision acts only as an additional layer of enforcement

5

against those who violate 18 U.S.C. §1038(a)(1) and is not intended to represent a stand-alone cause of action." *Manuel v. United States,* 78 Fed. Cl. 31, 35 (Fed. Cl. 2007). Thus, Plaintiff fails to state a claim for relief under either provision.

A liberal interpretation of Mr. Pence's amended complaint reveals reference to the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. §1964. Yet, a violation of RICO cannot be stated against Defendant governmental entities because a violation requires "an underlying criminal act, which entails a *mens rea* requirement that a governmental entity cannot form." *Gil v. Ramirez Grp., LLC v. Houston Indep. Sch. Dist.,* 786 F.3d 400, 411-12 (5th Cir. 2015). In addition, Plaintiff must plead "(1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity." *Tal v. Hogan,* 453 F.3d 1244, 1261-62 (10th Cir. 2006). Moreover, "the requirement of Fed. R. Civ. P. 9(b) that fraud must be pled with particularity applies to RICO claims." *Christou v. Beatport, LLC,* 849 F. Supp. 2d 1055, 1077 (D. Colo. 2012) (*citing Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1362 (10th Cir. 1989). Particularity requires plaintiff to set forth "the time, place and contents of the false representations, the identity of the party making the false statements, and the consequences thereof." *Lawrence Nat'l. Bank v, Edmonds,* 924 F.2d 176, 180 (10th Cir. 1991). Mr. Pence's amended complaint falls short of these requirements and fails to state a claim for relief under RICO.[3]

---

[3] Even under a liberal reading, the court does not interpret Mr. Pence's amended complaint to state a claim under 42 U.S.C. §1983. Indeed, the statute is not cited and there is no identification of a specific violation by any of the Defendants. But, even assuming Mr. Pence raised a §1983 claim, his claim would be precluded under Eleventh Amendment immunity, judicial immunity and the four-year statute of limitations period governing §1983 actions. *See Ray v. McGill,* No. 2006 U.S. Dist. LEXIS 51632 (E.D. Okla. July 26, 2006) (unpublished) (*citing Lujan v. Regents of Univ. of Cal.,* 60 F.3d 1511, 1522 (10th Cir. 1995), *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).

## RECOMMENDATION

Accordingly, for the reasons set forth, the Court recommends the District Court grant County and State Defendants motions and dismiss Plaintiff's claims with prejudice.[4]

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 10th day of August, 2018.

BY THE COURT

DUSTIN B. PEAD
Magistrate Judge, United States District Court

---

[4] Although dismissal for lack of jurisdiction is typically without prejudice, the court concludes that even if Mr. Pence had established jurisdiction he is unable to state a claim for relief and therefore dismissal with prejudice is appropriate.