IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RORY D. PENCE,<br><br>    Plaintiff,<br><br> v.<br><br>D.C.P.S., et al.,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-00565-JNP-DBP<br><br>Judge Jill N. Parrish |

   Plaintiff Rory Pence sued "D.C.P.S.," which appears to be the Utah Department of Child and Family Services, and a number of other public agencies and individuals. The defendants filed two separate motions to dismiss Pence's First Amended Complaint in this matter. Magistrate Judge Pead issued a Report and Recommendation that the motions to dismiss be granted. [Docket 36.] Judge Pead reasoned that the complaint failed to allege facts that would establish this court's jurisdiction to hear this case because Pence did not establish the existence of diversity or federal question jurisdiction. In particular, Judge Pead noted that while Pence may be a citizen of Utah since he has a Utah address, the complaint did not allege information regarding the citizenship of the defendants. Judge Pead also reasoned that the complaint failed to comply with federal pleading requirements or to state a claim for relief.

   Pence Objected to the Report and Recommendation. Pence responds to the report's conclusion regarding the court's lack of jurisdiction with a single sentence, which reads verbatim: "Diversity of citizenship im a citizen of the state of Colorado sees attach copy of my driver's license consequently I am temporarily work for a Colorado company in Utah for a Colorado contractor."

Pence's objection does not establish diversity jurisdiction. Judge Pead correctly stated that the complaint must plead the citizenship of all plaintiffs and *defendants* to establish diversity jurisdiction. Setting aside the question of whether Pence's statement is sufficient to establish that his domicile is in Colorado, he does not allege the citizenship of any of the defendants in this case.

Moreover, by failing to object to the portion of the Report and Recommendation finding that the court lacks federal question jurisdiction, Pence waived any argument that this portion of the report was erroneous. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The court has reviewed the Report and Recommendation and concludes that it is not clearly erroneous and finds that the interests of justice do not warrant deviation from the waiver rule.

The court, therefore, ADOPTS the Report and Recommendation and dismisses Pence's Amended Complaint without prejudice because he has not carried his burden of showing that this court has subject matter jurisdiction over this matter.

After Pence objected to the Report and Recommendation, he filed two additional motions. First, he moved for a hearing on the motions to dismiss. [Docket 40.] This motion is DENIED because a hearing will not materially aid the court.

Second, Pence moved to file a second amended complaint. [Docket 42.] The motion is difficult to decipher. It mainly consists of disjointed allegations regarding his ex-wife, his son, and various state court proceedings. Notably, though, neither the motion nor the attachments to the motion address the citizenship of the defendants. Therefore, the motion to amend is DENIED because amendment would be futile. The court would still lack subject matter jurisdiction over this matter.

**ORDER OF THE COURT**

1. The court ADOPTS the Report and Recommendation of Judge Pead [Docket 36.] and dismisses Pence's action without prejudice.

2. The court DENIES Pence's motion for a hearing. [Docket 40.]

3. The court DENIES Pence's motion to amend his complaint. [Docket 42.]

**SO ORDERED** January 16, 2019.

BY THE COURT:

JILL N. PARRISH
United States District Judge